## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL ACTION NO. 5:19-CR-00069-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **DOREY JOYNER,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Dorey Joyner's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 and for appointment of counsel. (Doc. No. 37). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Jesup Low[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant is a 37-year-old male serving his prison sentence at FCI Jesup Low in Georgia. He is serving a sentence of 106 months of imprisonment. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from Type II Diabetes, moderate to

---

[1] According to the Bureau of Prison's (BOP) website, FCI Jesup Low currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and no staff deaths, while 427 inmates have recovered and 23 staff have recovered. Additionally, at FCI Jesup Low, 159 staff have been fully inoculated and 1,191 inmates have been fully inoculated.

severe asthma, high blood pressure and high cholesterol, all which he claims place him at a greater risk of death from COVID-19 complications. (Doc. No. 37 at 3).

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. According to Defendant's Presentence Investigation Report, which was completed and filed only 14 months ago, he had high blood pressure and it was being treated with Lisinopril. (Doc. No. 20, ¶ 74). The only medical records that Defendant has provided the Court are some medication sheets that seem to indicate he is taking Metformin tablets to control blood sugar and utilizes an Albuterol inhaler. (Doc. No. 37, Exhibit 1, pp.5-10). At this time, each of these conditions appear well-controlled with medication and absent BOP medical records to substantiate his claims, there is no extraordinary and compelling reason for a sentence reduction.

Defendant also contends that he needs to be released as he is the only potential caregiver for his mother who he claims is suffering from both cancer and dementia. The Court notes that according to Defendant's Presentence Investigation Report, Defendant has three siblings which the Court finds could be potential caregivers for said mother. (Doc. No. 20, ¶ 72). Again, there is no extraordinary and compelling reason that warrants a reduction in sentence.

Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Williamson,* 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed,* 482 F. App'x 785, 786 (4th Cir.

2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018 (Doc. No. 37), is **DENIED**.

**SO ORDERED.**

Signed: April 7, 2022

Kenneth D. Bell
United States District Judge